# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**NOBLE C. BEASLEY,**
       **Petitioner,**

**vs.**                                                                  **5:07cv31/RS/MD**

**SCOTT MIDDLEBROOKS,**
**Warden, Federal Correctional**
**Institution at Marianna, Florida,**
       **Respondent.**

## REPORT AND RECOMMENDATION

This case is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1).

Petitioner was convicted on drug related charges in the United States District Court for the Southern District of Alabama in December of 1990 and sentenced to a term of life imprisonment without the possibility of parole. (Case 1:90cr16/WS). He appealed and the trial court's judgment was affirmed in part and reversed in part, and the case remanded for resentencing on January 13, 1994. Defendant filed a motion to reduce his sentence on December 4, 1996 which was denied on December 10, 1996. Petitioner states that he filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 which was denied on December 30, 1998. He states that on April 7, 2004, the district court "foreclosed his right to pursue further relief in his case." This court's review of the defendant's criminal docket sheet reveals no order entered on April 7, 2004, but that on March 25, 2004, the district court denied the defendant's third motion to modify his sentence, and defendant appealed on April 5, 2004 (Doc. 155). Defendant filed two motions to vacate pursuant to 28 U.S.C. § 2255 on July 30, and October 18, 2004, both of

which were denied. (Doc. 163-167). The Eleventh Circuit affirmed the trial court's denial of his motion to modify sentence on September 26, 2005, and the Supreme Court of the United States denied certiorari on December 12, 2005. (Doc. 169 & 170).

The instant motion, although styled as one filed pursuant to 28 U.S.C. § 2241 actually is an attempt to have his conviction and sentence vacated and set aside. In his petition, defendant claims that he was not properly resentenced by the district court after the Eleventh Circuit remanded his case, that the trial court lacked jurisdiction to use a previous conviction to enhance his sentence because the previous conviction "should have been dismissed," and that his sentence was in violation of *Apprendi*,[1] *Blakely*[2] and *Booker*.[3] Title 28 U.S.C. § 2241 is not the proper vehicle for raising the instant challenge. The continuation of an initially valid confinement is generally the sole issue in a § 2241 action. See *Chambers v. United States*, 106 F.3d 472, 474-75 (2nd Cir. 1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). A collateral attack on the validity of a federal conviction and sentence, such as this, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990), *cert. denied*, 499 U.S. 979, 111 S. Ct. 1629, 113 L.Ed.2d 725 (1991); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hadjuk v. United States*, 764 F.2d 795 (11th Cir. 1985).

Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section[4], shall not be entertained if it appears that the applicant has failed to apply for relief, by

---

1 **Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).**

2 **Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).**

3 **United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).**

4 **Section 2255 authorizes a remedy for a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255; see also, United States v. Brown, 117 F.3d 471, 475 (11th Cir.1997) (because defendant was in custody, "§ 2255 was his exclusive remedy.")**

> motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

*Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford*, 177 F.3d 1236, 1244 (11th Cir. 1999); *Darby v. Hawk-Sawyer*, 405 F.3d. 942, 945 (11th Cir. 2005); see also *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Petitioner cannot rely on *Booker* in support of his claims, as this case does not apply retroactively to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 866-868 (11th Cir.), cert. denied, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005); see also *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) ("*Booker* may not be applied retroactively to second or successive habeas petitions."); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.) ("[W]e conclude that Booker's rule does not apply retroactively in collateral proceedings...."), cert. denied 126 S.Ct. 199 (2005); *Green v. United States*, 397 F.3d 101, 103 (2nd Cir. 2005) (per curiam) ("[N]either *Booker* nor *Blakely [v. Washington*, 542 U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004),] apply retroactively to Green's collateral challenge."); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.) ("*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."), cert. denied, 125 S.Ct. 2559,

162 L.Ed.2d 285 (2005); *Cirilo-Munoz v. United States,* 404 F.3d 527, 533 (1st Cir. 2005) (it is unlikely that the Supreme Court will adopt a retroactivity analysis that opens up to required reexamination practically all of the federal sentences imposed since the guidelines went into effect in 1987). Therefore, the savings clause is inapplicable to the instant petition.

Furthermore, petitioner has already applied for and been denied § 2255 relief. Section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255 or an additional bite at the proverbial apple. See, e.g., *Wofford, supra; Triestman v. United States,* 124 F.3d 361, 376 (2nd Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The § 2255 remedy is not rendered "inadequate or ineffective" simply because a prior claim under that section has been denied or disallowed, *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), or because petitioner has been denied permission to file a second or successive § 2255 motion, *see Darby,* 405 F.3d at 945; *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999); *Wofford,* 177 F.3d at 1245; *Davenport*, 147 F.3d at 608, or because a second or successive § 2255 motion has been dismissed, see *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). Likewise, the fact that petitioner cannot meet the gate-keeping requirements of the Antiterrorism and Effective Death Penalty Act does not open the door to a § 2241 petition. *Jiminian v. Nash*, 245 F.3d 144, 147-48 (2nd Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

Accordingly it is respectfully RECOMMENDED:

That petitioner's petition for writ of habeas corpus under § 2241 (doc. 1) be summarily denied.

At Pensacola, Florida this 16th day of February, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:07cv31/RS/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).